```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                   PINE BLUFF DIVISION
```

SHEN LEE                                                  Plaintiff

v.                            5:05CV00092 SWW/HDY

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                  Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Shen Lee, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income (SSI), based on disability. Plaintiff submitted a Motion for Summary

Judgment and Brief in Support.[1]  Defendant filed a response; the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical,

---

[1]It is now the practice in this District to decide cases on appeal briefs rather than on motions for summary judgment.

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff was found disabled and entitled to SSI with an onset of October 1, 1991, due to mental retardation and a speech disorder. (Tr. 10)  In a continuing disability review, it was found that Plaintiff's disability ceased July 1, 2001, because of medical improvement.  Id.  Plaintiff also filed an application for disability benefits in 2001 alleging he became disabled June 30, 1999.  (Tr. 11) An administrative hearing was held to consider both his continuing disability and his new application.  (Tr. 10)

After conducting the administrative hearing, the Administrative Law Judge[2] (ALJ) concluded that Plaintiff's eligibility for SSI had ended effective September 1, 2001, and that he had not been under a disability within the meaning of the Social Security Act at any time thereafter through April 13, 2004, the date of his decision.  (Tr. 18)  On March 16, 2005, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 3-5)  Plaintiff then filed his complaint initiating this appeal.  (Docket #1)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

---

[2]The Hon. Robert L. Neighbors.

Plaintiff was 26 years old at the time of the hearing.  (Tr. 218)  He completed high school in special education classes.  (Tr. 81, 218)  He has no past relevant work.  (Tr. 10)

The Commissioner has established, by regulations, a multi-step evaluation for determining continuing disability:

1)   The Commissioner determines if the claimant has an impairment or combination of impairments which meets or equals a Listing.  20 C.F.R. § 416.994(b)(5)(i) (2003).  If so, benefits will continue; if not, the evaluation continues.  Id.

2)   The Commissioner next determines if there has been medical improvement.   20  C.F.R.  §  416.994(b)(5)(ii)  (2003).  "Medical improvement" is any decrease in the medical severity of a claimant's impairments which were present at the time of the most recent favorable medical decision that claimant was disabled or continued to be disabled.  20 C.F.R. § 416.994(b)(1)(i) (2003).  A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with a claimant's impairment(s).  Id.  If there has been improvement, the Commissioner proceeds to the next Step; if not, the Commissioner skips the next Step.  20 C.F.R. § 416.994(b)(5)(ii) (200).

3)   If there has been medical improvement, the Commissioner determines if it is related to the claimant's ability to do work i.e., whether there has been an increase in the claimant's residual functional capacity based on the impairment(s) that was present at

the time of the most recent favorable medical determination.  20 C.F.R. § 416.994(b)(5)(iii) (2003).  If the medical improvement is not related to claimant's ability to do work, the Commissioner proceeds to the next Step; if it is, she skips the next Step.  Id.

4)  If no medical improvement has been found, or if any medical improvement found is not related to claimant's ability to work, the Commissioner determines whether any exception to the medical improvement standard of review applies.  20 C.F.R. § 416.994(b)(5)(iv) (2003).  The exceptions are not applicable in this case.

5)  If a claimant's medical improvement is related to ability to do work, the Commissioner determines whether claimant's current impairments, in combination, are "severe," i.e., whether they significantly limit claimant's physical or mental abilities to do basic work activities.  20 C.F.R. § 416.994(b)(5)(v) (2003).  If the impairments are "severe," the evaluation continues; if not, claimant is no longer deemed disabled.  Id.

6)   The Commissioner then determines if a claimant has sufficient residual functional capacity, despite impairments, to perform past work.   20 C.F.R. § 416.994(b)(5)(vi) (2003).  If so, the disability will have ended; if not, the evaluation continues. Id.

7) The Commissioner considers a claimant's residual functional capacity, age, education and past work experience to determine if claimant can do other work.  20 C.F.R. § 416.994(b)(5)(vii) (2003).

If so, the disability will have ended; if not, the disability will be found to continue. Id.

The ALJ also considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b) (2003). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. Id., § 404.1520(c). If not, benefits are denied. Id.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. Id., § 404.1520(d). If so, and the duration requirement is met, benefits are awarded. Id.

If claimant does not meet or equal a Listing, then a residual functional capacity assessment is made based on all the relevant medical and other evidence. Id., § 404.1520(e). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work.

Id., § 404.1520(f).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  Id., § 404.1520(g).  If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 1, 1991, the date upon which he was found disabled.  (Tr. 17)  He found that Plaintiff had "severe" impairments, a history of mental retardation, a speech disorder and major depressive disorder, recurrent, with psychotic features, but that he did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 11-12, 17)  He judged that Plaintiff's allegations as to the extent of his symptoms, limitations and restrictions were credible only to the extent that they were supported by medical evidence.  (Tr. 17)

The ALJ found that there had been substantial improvement in Plaintiff's impairments related to his ability to perform basic work-related activities.  (Tr. 18)  He found that he had no exertional impairments; nonexertionally, he was limited to work where interpersonal contact was incidental to the work performed, tasks were learned by rote with few variables, little judgment was required and supervision was single, direct and concrete.  Id.

The ALJ correctly noted that, since Plaintiff had no past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform,

7

given his residual functional capacity, age, education and past work. (Tr. 16) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, harvest worker and janitor. (Tr. 17, 18) Consequently, the ALJ concluded that Plaintiff was not disabled. (Tr. 18)

Plaintiff contends that the Commissioner specifically discounted the validity of his past consultative intellectual assessment and evaluation of adaptive functioning merely because he had reached the age of majority. (Br. 7) However, the record does not support his contention. To the contrary, as the ALJ noted, Plaintiff was found disabled as of October 1, 1991, and continued in that status until July 1, 2001. (Tr. 10) When Plaintiff reached the age of 18, the Social Security Administration was required to redetermine his eligibility by applying the criteria used in determining initial eligibility of claimants who are 18 or over. 42 U.S.C. § 1382c(a)(3)(H)(iii).

Plaintiff notes that test results from 1984, when he was seven years old, indicated that he was functioning within the moderate range of mental retardation. (Br. 9, Tr. 212) He also notes that there is a presumption that IQ scores remain fairly constant throughout life. A person's IQ is presumed to remain stable over time in the absence of any evidence of a change in a claimant's intellectual functioning. Maresh v. Barnhart, 438 F.3d 897, 900 (8th

8

Cir. 2006); Muncy v. Apfel, 247 F.3d 728, 734 (8th Cir. 2001).

In May of 2001, Mickey K. Shell, M.S., administered an intellectual assessment and evaluation of adaptive functioning of Plaintiff. (Tr. 119-26) On the Wechsler Adult Intelligence Scale-3d edition, he scored a verbal IQ of 56, performance IQ of 48 and full-scale IQ of 48. (Tr. 124) The examiner judged that his scores were of questionable validity. Id. ". . . he worked very carelessly during the test. On the Coding subtest, he appeared to deliberately make mistakes and was warned to work more carefully. . . . . On some items of the Arithmetic subtest, he correctly counted the blocks under his breath but responded with the wrong answer. (Tr. 120)

> Mr. Lee clearly did not put forth his best effort. At times it appeared Mr. Lee may have been malingering as it seemed that he was intentionally giving incorrect answers. The scores obtained on this administration of the WAIS-III should be considered of very questionable validity. From his behaviors and response to his interview, it is estimated that Mr. Lee is probably functioning in the borderline to mild range of mental retardation.

(Tr. 121)

In June of 2001, David A. Nanck, M.A., administered a psychological evaluation. (Tr. 128-31) The Wechsler Adult Intelligence Scale-3d edition was again administered; Plaintiff's scores were a verbal IQ of 71, performance IQ of 64 and full-scale IQ of 65. (Tr. 129)

> Mr. Lee's approach to testing varied from subtest to subtest. At times he would give very quick "I don't know" responses, almost starting to say "I don't know" before the question was finished. Also during the Arithmetic subtest of the WRAT-3, he stopped working after 4 minutes 45 seconds of the allotted 15 minute time period. He was

9

>encouraged to work on, but would not.  Also on the Reading subtest of the WRAT-3 he did not try to sound out the words; he would just state the words he knew and state he did not know the other words.

Id.

>In general, Mr. Lee currently tested into the Mild range of Mental Retardation according to the Wechsler Classification System.  This may be considered a minimal score as again his quick responses and lack of reflection on questions may have had a negative influence on his responding.

(Tr. 130)

If Plaintiff's argument was taken to its logical conclusion, once a child was found disabled based upon IQ, the individual would draw benefits as long as he lived; there could never be a determination that his disability had ceased unless he engaged in substantial gainful activity.

>The claimant in a disability benefits case has a "continuing burden" to demonstrate that he is disabled, Mathews v. Eldridge, 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976), and no inference is to be drawn from the fact that the individual has previously been granted benefits. 42 U.S.C. § 423(f).

Nelson v. Sullivan, 946 F.2d 1314, 1315 (8th Cir. 1991).

Next, Plaintiff argues that the ALJ failed to consider his subjective complaints.  (Br. 15)  The record reflects that he did consider Plaintiff's subjective complaints.  (Tr. 15, 17)  The ALJ evaluated Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).  (Tr. 15)

>The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the

> evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

<u>Polaski v. Heckler</u>, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability during the relevant time period. No evaluations from that period showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. <u>Richmond v. Shalala</u>, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the lack of medications taken, the lack of more treatment, Plaintiff's daily activities, his poor work record, his functional capabilities and the lack of restriction placed on Plaintiff by any physician, the ALJ could rightly discount Plaintiff's subjective complaints. <u>See</u>, <u>e.g.</u>, <u>Dunahoo v. Apfel</u>, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may

discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996)(after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole). The ALJ's credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this __16__ day of June, 2006.

_/s/ H. Daniel Young_
UNITED STATES MAGISTRATE JUDGE